Nanette L. Kemmerly-Weber Allen County Attorney Allen County Courthouse Iola, Kansas 66749
Dear Ms. Kemmerly-Weber:
You request our opinion concerning the mandatory reporting statute found at K.S.A. 1992 Supp. 38-1522. Specifically, you inquire whether the statute requires the reporting of sexual abuse only when the perpetrator is a person residing with the child and secondly, whether a mandatory reporter is bound by a request from the abuse victim not to report the incident. Evidently, you encountered a situation where a school counselor became aware that four boys had been the victims of sexual abuse which may have provided probable cause for charges of aggravated criminal sodomy and/or indecent liberties against a person not living in their households. The counselor did not notify the department of social and rehabilitation services (S.R.S.) and when she contacted the sheriff's department, she refused to give the victims' names because of a promise to the victims not to do so.
K.S.A. 38-1521 provides, in relevant part, as follows:
 "It is the policy of this state to provide for the protection of children who have been subject to physical, mental or emotional abuse or neglect or sexual abuse by encouraging the reporting of suspected child abuse. . . ."
K.S.A. 1992 Supp. 38-1522 provides, in relevant part, as follows:
 "(a) When any the following persons has reason to suspect that a child has been injured as a result of physical, mental or emotional abuse or neglect or sexual abuse, the person shall report the matter promptly as provided in subsection (c) . . .: school administrators or other employees of a school which the child is attending. . . .
. . . .
 "(c) [R]eports made pursuant to this section shall be made to the state department of social and rehabilitation services. When the department is not open for business, the reports shall be made to the appropriate law enforcement agency."
. . . .
 "(f) Willful and knowing failure to make a report required by this section is a class B misdemeanor."
The purpose of the reporting statute is to provide for the protection of children who have been abused by encouraging the reporting of suspected child abuse and by insuring the thorough and prompt investigation of such reports. Kansas State Bank and Trust Company v.Specialized Transportation Services, Inc., 249 Kan. 348, 372 (1991). "Shall" as used in K.S.A. 1992 Supp. 38-1522 is mandatory and there is nothing in the law which creates an exception simply because the alleged perpetrator does not reside in the victim's household. To interpret the statute otherwise would leave unprotected those children abused by janitors, teachers, priests, scout leaders, assorted relatives and a host of potential wolves in sheep's clothing.
K.S.A. 1992 Supp. 38-1502(a)(3) defines a "child in need of care" as a person less than 18 years of age who "has been . . . sexually abused." "Sexual abuse" is defined as any act "committed with a child which is described in article 35, chapter 21 of the Kansas Statutes Annotated as well as K.S.A. 21-3602 and 21-3603. The crimes of indecent liberties and aggravated criminal sodomy fall under article 35, chapter 21.
While these four boys may come within the definition of a "child-in-need-of-care", it does not necessarily mean that a petition needs to be filed. Both S.R.S. and law enforcement officers have a duty to investigate reports of child abuse. If they determine that no action is necessary to protect the child but that a criminal prosecution should be considered, the case is referred to the appropriate law enforcement agency. K.S.A. 1992 Supp. 38-1523(a). In Attorney General Opinion No. 90-33 we concluded that the child in need of care code requires S.R.S. initially to act in an investigative capacity with a duty to refer a case for either criminal prosecution and/or for the filing of a child in need of care petition by the county or district attorney.
In the situation you describe, if the perpetrator was not a person who resided in the home, then it is doubtful that a petition would be appropriate and the focus would turn towards a possible criminal prosecution. In short, those persons listed in K.S.A. 1992 Supp. 38-1522
are required to notify S.R.S. (or, a law enforcement agency, if S.R.S. is closed) if they have reason to suspect that a child has been sexually abused regardless whether the alleged perpetrator resides in the child's home.
As far as whether a school counselor is excused from compliance because of a statutory, or common law privilege, we have no information which suggests a basis for any such privilege. While there exists a statutory privilege between a registered professional counselor and the counselor's client, the privilege does not apply to an individual employed as a counselor by a private or public educational institution. K.S.A. 65-5810
and 5812(b). Consequently, it is our opinion that a mandated reporter who refuses to notify S.R.S. because of a promise extracted by the victim or the victim's family violates the law and subjects himself or herself to criminal prosecution.
While a reporter can assure the victim and family that reports and court records are confidential, this may be of little comfort in a criminal prosecution where the victim's testimony may be required. However, the alternative to not coming forward is more repugnant because it allows a perpetrator to continue violating other children. The legislature rejected this alternative by creating a framework for reporting and investigating suspected sexual abuse and requiring certain individuals to report such incidents. Consequently, those persons listed in K.S.A. 1992 Supp. 38-1522 are required to notify S.R.S. or a law enforcement agency, if S.R.S. is closed, if they have reason to suspect that a child has been sexually abused regardless whether the alleged perpetrator resides in the child's home and a mandated reporter who refuses to notify S.R.S. because of a promise extracted by the victim or the victim's family violates the law and subjects himself or herself to criminal prosecution.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm